UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRICELL HENRY,

Plaintiff,                                                Civil No. 2:23-CV-10788
                                                          HON. SEAN F. COX
v.

VASILIS POZIOS, et. al.,

Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT

Darricell Henry, ("Plaintiff"), incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint is dismissed with prejudice, because plaintiff's complaint is frivolous.

### I. STANDARD OF REVIEW

Plaintiff has paid the entire filing fee of $ 350.00, plus the $ 52.00 administrative fee, rendering inapplicable this Court's authority to screen his complaint for frivolity or maliciousness pursuant to a portion of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2). However, the Court has an initial and continuing obligation under Fed. R. Civ. P. 12(b)(1) to review and dismiss cases in which the Court lacks subject matter jurisdiction. Because the Court finds that plaintiff's claims are devoid of merit or no longer open to discussion, the Court will *sua sponte* dismiss the complaint for lack of subject matter jurisdiction.

A federal district court's authority to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those prisoner complaints that are filed *in forma pauperis*. *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999). Plaintiff did not file his complaint in this case as an indigent, but paid the filing fee and did not seek *in forma pauperis* status. As a general rule,

1

a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999).

However, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity. *Benson*, 179 F.3d at 1017. Therefore, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A. Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000)(citing *Neitzke*, 490 U.S. at 327–28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867. *Sua sponte* dismissal is appropriate if the

complaint lacks an arguable basis when filed. *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997); *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II. COMPLAINT

Plaintiff alleges that in 2008, officials with the Michigan Department of Corrections had radio transmitters surgically implanted into his brain. Plaintiff claims the transmitters are attached to his brainstem and hyoid bone. Plaintiff claims that these transmitters have been used by prison officials to monitor all of his thoughts and to control all of his actions, including ordering him to commit murders. Plaintiff claims that in 2022, prison officials ordered him through these implants to commit suicide. Plaintiff also claims that prison officials have lied to him and falsified x-rays to cover up the implantation of the devices. Plaintiff claims that some prison officials are aware of these implants but have either refused to speak out or have been fired when they told their superiors that plaintiff is not mentally ill but does, in fact, have these implants inside his brain.

Plaintiff previously brought a lawsuit before Judge Mark A. Goldsmith of this district, which made the same allegations, minus the claim that prison officials ordered him to commit suicide in 2022. The complaint was dismissed for being frivolous or delusional. *See Henry v. Caruso*, No. 13-12881, 2014 WL 525032 (E.D. Mich. Feb. 7, 2014)(Adopting Report and Recommendation of Magistrate Judge). Plaintiff's subsequent motion for relief from judgment and for a physical examination was denied. *Henry v. Caruso*, No. 13-CV-12881, 2016 WL 11750640 (E.D. Mich. Aug. 10, 2016); *app. dism.* No. 16-2277, 2017 WL 11639912 (6th Cir. Oct. 3, 2017); *cert. den.* 138 S. Ct. 88 (2018).

## III. DISCUSSION

Plaintiff's claims must be dismissed for several reasons.

Plaintiff's allegations that prison officials surgically implanted radio transmitters or tracking devices in his brain are subject to dismissal because the claims being raised and the

4

defendants being sued are similar to the prior lawsuit that was brought by plaintiff and dismissed by Judge Goldsmith.

The Sixth Circuit has held that "a district court may invoke the doctrine of res judicata in the interests of, inter alia, the promotion of judicial economy." *Holloway Const. Co. v. U.S. Dept. of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989)(citing *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980)(Rehnquist, J., dissenting)).

The present complaint is barred by the doctrine of *res judicata*, which includes both claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008):

> Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.*, at 748-749. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-154 (1979).

*Id*. at 892 (alterations in original).

Plaintiff's allegations are barred by the doctrine of claim preclusion because he is raising the same claims alleging the implantation of radio transmitters in his brain he raised in his prior complaint before Judge Goldsmith.

Plaintiff's current complaint is also barred by the doctrine of issue preclusion. For the doctrine of issue preclusion to apply:

> 1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;
>
> 2) determination of the issue must have been necessary to the outcome of the prior proceeding;

5

    3) the prior proceeding must have resulted in a final judgment on the merits; and

    4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Aircraft Braking Sys. Corp. v. Local 856, Int'l Union*, 97 F.3d 155, 161 (6th Cir.1996).

    Plaintiff raises the same issues that he raised and litigated in his prior lawsuit before Judge Goldsmith. A determination that plaintiff's prior allegations were delusional was necessary to the outcome of the earlier lawsuit. Plaintiff's prior lawsuit resulted in a final judgment on the merits of plaintiff's claims. Finally, plaintiff was afforded a full and fair opportunity to litigate his claims in his prior lawsuit.

    Plaintiff's allegations are frivolous and subject to dismissal, because they are barred by the doctrine of *res judicata*. *See Smith v. Morgan*, 75 F. App'x 505, 506-07 (6th Cir. 2003); *Armour v. McCalla*, 16 F. App'x 305, 306 (6th Cir. 2001).

    Assuming that plaintiff's claims are not barred by *res judicata*, they are nonetheless subject to dismissal for being delusional or irrational. Numerous cases have rejected as delusional or fantastic claims by prisoners that transmitters, microchips, tracking devices, or other devices have been implanted inside of a prisoner's body or brain to monitor or control his thoughts or activities. *See Manco v. Does,* 363 F. App'x 572, 575 (10th Cir. 2010)(district court did not abuse its discretion when it held that state inmate's claims related to tracking device that prison officials had allegedly implanted in his body to track his movements and thoughts were frivolous, where there was no evidence to support inmate's theory that numerous state officials monitored his thoughts and sent him inaudible, profane messages); *Abascal v. Jarkos,* 357 F. App'x 388, 390 (2d Cir. 2009)(dismissing as fantastic or delusional claim that prison doctors and officials were deliberately indifferent in using equipment to control plaintiff's thoughts and behavior and remotely inflict pain); *Johnson v. D.E.A.*, 137 F. App'x 680, 681 (5th Cir. 2005)(plaintiff's

6

complaint alleging that Drug Enforcement Administration (DEA) implanted transmitter in his scalp, which caused him to be "aggressively sought after for purposes of sexual reasons by many famous individuals," made "laughing st[oc]k to[ ] members of Organized Crime Families," subjected to "extremely high numbers of sexual assaults" by "vigilante mob," and exploited by "wealthy persons" from Europe and Asia who sought to "clone [his] spiritual persona" and "remov[e][his] Reproductive Fluids," was factually frivolous); *Moore v. Robert*, No. 06–11911, 2006 WL 2925303, at *1 (E.D. Mich. Oct.11, 2006)(dismissing claim that a microchip was implanted into plaintiff's brain and that his thoughts were being transmitted to a computer). Plaintiff's claim that the defendants implanted radio transmitters in his brain shall be dismissed because it is delusional.

Plaintiff's complaint lacks any arguable basis in the law, thus, this Court certifies that any appeal by him would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

## V. ORDER

Accordingly, it is **HEREBY ORDERED** that the civil rights complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE FOR BEING FRIVOLOUS**.

**IT IS FURTHER ORDERED AND CERTIFIED** by the court that any appeal taken by plaintiff would not be done in good faith.

Dated: May 2, 2023				s/Sean F. Cox  
						Sean F. Cox  
						U. S. District Judge