UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRICELL HENRY,

Plaintiff,                                       Civil No. 2:23-CV-10788
                                                 HON. SEAN F. COX
v.

VASILIS POZIOS, et. al.,

Defendants.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION

Darricell Henry, ("Plaintiff"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint was dismissed with prejudice, because the complaint was frivolous.

Petitioner filed a motion for reconsideration pursuant to Local Rule 7.1. For the reasons that follow, the motion is DENIED.

Motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1 but must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). *See Ackerman v. Washington*, No. CV 13-14137, 2021 WL 5782896, at *1, n. 1 (E.D. Mich. Dec. 7, 2021)(citing See E.D. Mich. LR 7.1(h)(1)). Petitioner is proceeding *pro se*; the motion for reconsideration is construed as a motion to alter or amend the judgment filed under Fed. R. Civ. P. 59, since both motions are analogous. *Cf. Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999)(treating motion to alter or to amend judgment filed by a *pro se* habeas petitioner as a motion for reconsideration filed under Local Rule 7.1).

The decision of whether to grant a motion to alter or the amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if

1

the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486,  n. 5 (2008)(additional quotation omitted)).  In addition, a Rule 59(e) motion to alter or the amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Plaintiff argues that this Court erred in dismissing his complaint as frivolous, because he has images from a CT Scan performed at Henry Ford Hospital, which show that radio transmitters were planted in his head.  This Court was aware of this alleged evidence when dismissing the complaint as frivolous.  Plaintiff's motion to alter or the amend judgment is denied, because Plaintiff is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed the civil rights complaint. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

Accordingly, it is **HEREBY ORDERED** that the motion for reconsideration (ECF No. 8) is **DENIED**.

Dated: May 19, 2023                                s/Sean F. Cox_____
                                                             Sean F. Cox
                                                             U. S. District Judge